# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| ANNIE REEVES, ) | |
| ) | |
| PLAINTIFF, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 25-cv-279 |
| BESTWAY RENTAL, INC., ) | |
| ) | JURY DEMAND |
| DEFENDANT. ) | |
| ) | |
| ) | |

## COMPLAINT

## I. INTRODUCTION

1. Through this complaint, Plaintiff asserts federal claims of sexual harassment and retaliation, in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a ("Title VII"). Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of assault and battery, invasion of privacy, outrage, and negligent and/or wanton hiring, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact."

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343,

2201 and 2202. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b), and the Northern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her initial charge of discrimination on June 12, 2024, which was within 180 days of the occurrence of the last discriminatory acts she endured. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on February 5, 2025.

### III. PARTIES

4. Plaintiff Annie Reeves, (hereinafter "Plaintiff") is a resident of Millbrook, Alabama, is over the age of nineteen, and is a female citizen of the United States. Plaintiff was employed in the State of Alabama by Defendant. Plaintiff is an employee as defined under Title VII.

5. Defendant Bestway Rental, Inc. ("Defendant" or "Bestway") is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

### IV. FACTS

6. Plaintiff is a woman who began working for Defendant on or about April 8, 2024, as a Sales Manager at its Store 90 in Montgomery, Alabama.

7. Plaintiff reported to the Store Manager, Mac Hollie.

8. Hollie subjected Plaintiff to a sexually hostile work environment by constantly and continuously touching and groping her breasts and butt.

9. Hollie also constantly and continuously made lewd vulgar statements to Plaintiff, such as telling her how he wanted to "lick her pussy" and telling her how good it would make her feel.

10. Plaintiff told Hollie to stop making these sexual comments and to stop touching her, but he ignored her and continued sexually harassing her.

11. Hollie's sexual harassment of Plaintiff caused her to suffer an anxiety attack at work.

12. Plaintiff reported Hollie's sexual harassment to the Regional Manager, Mike Binkley.

13. Plaintiff asked Binkley if the cameras worked, and he said they did.

14. Plaintiff told Binkley to look at the video and he would see Hollie touching her over the past week.

15. Plaintiff also gave Binkley a written statement about the latest incidents of Hollie sexually harassing her.

16. Binkley fired Hollie on or around May 11, 2024, allegedly for poor performance.

17. Binkley then hired Markeshia Todd, a previous employee, on May 13, 2024, to replace Hollie as the General Manager.

18. After firing Hollie, Defendant began to retaliate against Plaintiff by constantly picking on her.

19. On June 12, 2024, Binkley fired Plaintiff and told Plaintiff he had no reason for firing her other than allegedly it was not working out.

20. Plaintiff was not disciplined during her employment and her attendance was good.

21. Binkley terminated Plaintiff in retaliation for her reporting sexual harassment.

22. Before Hollie sexually harassed Plaintiff, Defendant had received complaints of Hollie sexually harassing other employees at Store 90 where Plaintiff worked.

23. In October 2023, prior to Plaintiff working there, another employee named Tanisha Ferguson had reported to management and to Human Resources that Hollie, a Manager in Training at the time, had sexually harassed her.

24. In particular, on Friday October 27, 2023, Ferguson informed Lisa Adkins, Director of Human Resources, that Mac Hollie had been sexually harassing her, and Ferguson provided Adkins with the names of witnesses to the sexual harassment.

25. Because the sexual harassment did not stop after Ferguson reported it, she had no choice but to quit for her own safety on or around November 7, 2023. Weeks later, on November 23, 2023, Defendant promoted Hollie to Store Manager.

26. After Ferguson quit, she followed up with Defendant's HR Director Adkins to inquire about the investigation of her sexual harassment claims against Hollie.

27. In February 2023, Ferguson filed an EEOC Charge detailing lewd and vulgar sexual comments and touching she suffered from Hollie during her employment and stated that Binkley knew about her sexual harassment complaint, writing as follows: "Michael Blinkley [sic], the new District Manager told Mac [Hollie] that I filed [a] sexual harassment complaint."

28. Defendant received this EEOC Charge on March 7, 2024, which was before Plaintiff started working for Defendant on April 8, 2024.

29. As shown in the above paragraphs, Defendant knew another female employee had complained about Hollie sexually harassing her at Store 90 before Plaintiff started working there, and instead of taking action against Hollie, Defendant promoted Hollie from Manager-in-Training to Store Manager, giving him the opportunity to sexually harass Plaintiff soon after she started.

30. The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's work by making it more difficult for Plaintiff to do her job.

31. Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

32. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive

relief, and compensatory and punitive damages is her only means of securing adequate relief.

33. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.    CAUSES OF ACTION

### A.    COUNT I - SEXUAL HARASSMENT UNDER TITLE VII

34. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C. Section 1981a.

35. Defendant subjected Plaintiff to a sexually hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her employment.

36. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive, and the harassment negatively impacted Plaintiff's employment by making it more difficult to do her job.

37. Plaintiff subjectively perceived the sexually harassing treatment she endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

38. Defendant failed to guard against the misconduct of its employees, failed to

train their managers and employees, failed to monitor their performance and conduct, and failed to take adequate remedial action.

39. Defendant had no effective sexual harassment policies and no effective procedures for handling complaints of sexual harassment.

40. Defendant was made aware of this hostile and abusive environment and continuously refused to take appropriate remedial action.

41. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action.

42. Defendant is directly and vicariously liable for the conduct of its employee that amounted to the sexual harassment suffered by Plaintiff.

43. The sexually harassing conduct towards Plaintiff and Defendant's ratification of such conduct adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job.

44. Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

45. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement or front pay, backpay, declaratory judgment, injunctive relief, compensatory and punitive damages is her

only means of securing adequate relief.

46. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B. COUNT II – RETALIATION UNDER TITLE VII

47. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, 42 U.S.C. Section 1981(a).

48. Plaintiff engaged in protected activity when she reported sexual harassment in the workplace and filed an EEOC Charge.

49. After Plaintiff reported sexual harassment, instead of remedying the harassment, Defendant retaliated against Plaintiff by taking materially adverse employment actions against her including terminating her because she had complained about sexual harassment.

50. But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions against her.

51. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

52. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement or front pay, backpay, declaratory judgment, injunctive relief, compensatory and punitive damages is her

only means of securing adequate relief.

53. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### C. COUNT III – ASSAULT AND BATTERY

54. Plaintiff was subjected to unwanted touchings.

55. Defendant ratified and/or condoned its agents' actions which amounted to assault and battery of Plaintiff.

56. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### D. COUNT V – INVASION OF PRIVACY

57. Defendant, through the acts of its agents, invaded the privacy of Plaintiff, by, among other things, intruding into Plaintiff's private seclusion by making sexual comments and inquiries, by touching her, and other acts as set forth above.

58. Defendant authorized, ratified and/or condoned its agents' actions which amounted to an invasion of Plaintiff's privacy.

59. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### E. COUNT VI - NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION.

60. This is a claim arising under the law of the State of Alabama to redress the

negligent and/or wanton, hiring, supervision, training, and retention of the supervisor who committed the sexually harassing acts against Plaintiff, including the above-described assault and battery and invasion of privacy in violation of the common law of the State of Alabama.

61. Defendant negligently and/or wantonly failed to adequately hire, supervise, train, and/or negligently retained, its agents or employees which proximately caused the sexually harassing acts against the Plaintiff, including the above-described invasion of privacy in violation of the common law of the State of Alabama Plaintiff.

    **F.**    **COUNT VII – OUTRAGE**

62. Defendant, by and through its agents and through its own indifference to sexual harassment, outrageously and intentionally inflicted emotional distress upon Plaintiff, a minor, by subjecting her to abusive and harmful sexual misconduct which was ratified and condoned by Defendant.

63. Defendant and its agents caused Plaintiff severe emotional distress by such sexual misconduct, beyond what any employee should be expected to endure. Plaintiff's emotional distress was the foreseeable result of Defendant's actions and inactions as set forth above.

64. The conduct described above was extreme, outrageous and beyond the boundaries of decency in a civilized society and caused Plaintiff to suffer severe emotional distress.

65. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## VI.  DAMAGES

66. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

67. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

68. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement or front pay, backpay, declaratory judgment, injunctive relief, compensatory and punitive damages is her only means of securing adequate relief.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at

Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, backpay, front-pay if reinstatement is not possible, compensatory, punitive, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Christina M. Malmat asb-1214-y44q
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500